## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

COURTNEY KELLY,           :
                                      :
                Petitioner,     :
                                        :     CIV. NO. 5:15-CV-00133-MTT-MSH
              VS.           :
                                        :
Warden GREGORY MCLAUGHLIN,  :
                                        :
                Respondent.    :
_____

## ORDER AND RECOMMENDATION

Presently pending before the Court is Respondent's motion to dismiss Petitioner's application for habeas relief as untimely. (ECF No. 13.) Also pending is Petitioner's motion to appoint counsel (ECF No. 10). For the reasons described below, Petitioner's motion is denied and it is recommended that Respondent's motion be granted and Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed as untimely.

## BACKGROUND

On July 13, 2010, in the Superior Court of Bibb County, Petitioner pled guilty to felony murder. Pet. for Writ of Habeas Corpus 1, ECF No 1; Resp't's Br. in Supp. Mot. to Dismiss 1, ECF No. 13-1. He was sentenced to life with the possibility of parole. Pet. 1; Resp't's Ex. 2 at 2, ECF No. 15-2.[1] Petitioner did not appeal the conviction or sentence; however Petitioner claims that he filed a motion to withdraw his guilty plea,

---

[1] Respondent's Exhibit 2 is a copy of the state habeas court's final order, issued on September 20, 2014.

which was "allegedly received August 3, 2010." Pet'r's Resp. 3, ECF No. 16; *see also* Resp't's Ex. 1 at 1-2, ECF No. 15-1.[2] This motion was dismissed as untimely on October 25, 2010. Resp't's Ex. 1 at 2; Pet'r's Resp. 3. However, Petitioner alleges that he did not receive the order dismissing the motion until January 2013. Pet'r's Resp. 3.

On May 8, 2013, Petitioner filed a state application for habeas relief in Macon County. Pet'r's Resp. 3; Resp't's Ex. 1 at 1. The Superior Court of Macon County held an evidentiary hearing on November 14, 2013, which was denied by a final order on September 20, 2014. Resp't's Ex. 2 at 1; Resp't's Br. in Supp. Mot. to Dismiss 1. On October 7, 2014, Petitioner filed an application for certificate of probable cause to appeal the denial of habeas corpus relief. Resp't's Ex. 3, ECF No. 15-3. The Georgia Supreme Court denied the application on March 2, 2015. Resp't's Ex. 4, ECF No. 15-4. Petitioner filed his federal application for habeas relief on March 30, 2015.[3] Pet. 10.

## DISCUSSION

## I.  Respondent's Motion to Dismiss

Respondent moves to dismiss Petitioner's application for habeas relief claiming that it was filed outside the one-year limitations period. Petitioner responded to the motion arguing that the limitations period was tolled until January 2013, when he received the trial court's order dismissing his motion to withdraw his guilty plea. Pet'r's

---

[2] Respondent's Exhibit 1 is a copy of Petitioner's state habeas corpus petition which was filed on May 8, 2013.

[3] Respondents contend that Petitioner filed this petition on April 13, 2015, but this is incorrect. Resp't's Br. in Supp. Mot. to Dismiss 1. "Under the mailbox rule . . . a prisoner's pleading is considered filed on the date the prisoner delivers such to prison authorities for filing." *Day v. Hall*, 528 F.3d 1315, 1318 (11th Cir. 2008); *see also McGee v. Warden, FDC Miami*, 487 F. App'x 516, 517 (11th Cir. 2012) (per curiam). Thus, at this stage, the Court will use the March 30, 2015 date as the relevant filing date.

Resp. 3.  As explained below, Petitioner's application for habeas relief is untimely and Respondent's motion to dismiss should be granted.

A.    The AEDPA limitations period

The Anti-Terrorism and Effective Death Penalty Act (hereinafter "AEDPA") was enacted primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions.  "The purpose of the AEDPA is not obscure.  It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the . . . overloading of our federal criminal justice system, produced by various aspects of this Court's habeas corpus jurisdiction."  *Hohn v. United States,* 524 U.S. 236, 264-65 (1998). The AEDPA, which became effective on April 24, 1996, therefore instituted a time bar as follows:

> (1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.
>
> . . .
>
> (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  Under the statute, the limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Thus, in order to determine whether a petition was timely filed, the Court "must determine (1) when the [collateral] motion was filed and (2) when [the] judgment of conviction became final." *McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009) (internal quotation marks and

citation omitted) (alterations in original).

B.    Petitioner's Application is outside the AEDPA one-year limitations period

The limitations period has expired and Petitioner's petition is untimely.  Petitioner was sentenced on July 13, 2010.  Pet. 1-2.  He thereafter had thirty days to file a notice of appeal.  O.C.G.A. § 5-6-38.  His conviction thus became final on August 12, 2010.  *See* 28 U.S.C. § 2244(d)(1)(A) (explaining that in the context of determining the AEDPA limitations period, the judgment is final on the date of "the conclusion of direct review or the expiration of the time for seeking such review").

Petitioner had one-year from August 12, 2010, until Friday, August 12, 2011, within which to file his federal application for habeas relief unless the limitations period was tolled.  28 U.S.C. § 2244(d).  He waited until May 8, 2013, to file his state application for habeas relief.  Pet. 3; Resp't's Ex. 1.  This motion has no bearing on whether Petitioner timely filed his federal habeas petition because it was filed after the AEDPA limitations period expired.  *See Webster v. Moore*, 199 F.3d 1256, 1299 (11th Cir. 2000) (explaining that "[a] state court petition . . . that is filed following the expiration of the limitations period cannot toll [the AEDPA] period because there is no period remaining to be tolled").  Petitioner's federal application for habeas relief, filed March 30, 2015, over three and a half years after the expiration of the limitations period fails to invoke the jurisdiction of this Court.  Petitioner's application for habeas relief is therefore untimely and Respondent's motion to dismiss should be granted.

Petitioner argues that his petition is timely because the filing of his motion to withdraw his guilty plea tolled the limitations period.  Pet'r's Resp. 3.  However,

Petitioner's argument is unavailing.  First, it is unclear whether the filing of a motion to withdraw a guilty operates to toll the statute of limitations.  *See Colbert v. Head*, 146 F. App'x 340, 343 (11th Cir. 2005) ("We have not specifically addressed whether a motion to withdraw a guilty plea that is filed in a Georgia state court after sentencing is "an application" for purposes of § 2244(d)(2). . . . Regardless, we need not decide this issue[.]"); *see also* 20 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").  Second, the motion to withdraw the guilty plea does not toll the limitations period, because it was dismissed as untimely.  *See* Resp't's Ex. 1 at 2 (stating that his motion to withdraw the guilty plea was "[d]ismissed as untimely filed" by Judge Martha C. Christian on October 25, 2010).

"In order to toll the statute of limitations, the application for state postconviction relief must be properly filed."  *Kearse v. Sec'y, Florida Dep't of Corr.*, 736 F.3d 1359, 1362 (11th Cir. 2013); *see also Hurley v. Moore*, 233 F.3d 1295, 1297-98 (11th Cir. 2000) (explaining that in order to toll the statute of limitations, the application for state post-conviction relief must be properly filed according to the state filing deadlines).  An untimely filed motion is not properly filed and does not operate to toll the AEDPA limitations period.[4]  *See Colbert*, 146 F. App'x at 343-45 (finding that an untimely filed

---

[4]  A properly-filed application is defined as one whose "delivery and acceptance are in compliance with the applicable laws and rules governing filings," which generally govern such matters as the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.  *Artuz v. Bennett*, 531 U.S. 4, 9 (2000).

motion to withdraw a guilty plea does not toll the limitations period). Thus, Petitioner's motion to withdraw the guilty plea is irrelevant for determining the limitations period. As discussed above, Petitioner's petition is untimely and Respondent's motion to dismiss should be granted.

## II.     Petitioner's Motion to Appoint

Petitioner filed a motion to appoint counsel on September 2, 2015. (ECF No. 10.) "The Supreme Court has 'never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions.'" *McBride v. Sharpe*, 25 F.3d 962, 971 (11th Cir. 1994) (quoting *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). Rather, the decision to appoint counsel is discretionary and is "necessary only when due process or the 'interests of justice' require it." *Id.* (quoting 18 U.S.C. § 3006A(a)(2)(B)). As discussed above, it is recommended that the petition be dismissed and therefore neither due process nor the "interests of justice" require the appointment of counsel. Petitioner's motion is thus denied.

## III.    Certificate of Appealability

Rule 11(a) of Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas petition on procedural grounds without reaching the merits of the petitioner's application for habeas relief, this standard requires a petitioner to demonstrate that "jurists of reason would find it

debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000).  Petitioner cannot meet this standard and, therefore, a certificate of appealability in this case should be denied.

## CONCLUSION

For the reasons described above, Petitioner's motion to appoint (ECF No. 10) is denied.  It is recommended that Respondent's motion to dismiss (ECF No. 13) be granted and Petitioner's action be dismissed as untimely.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof.  The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made.   All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO ORDERED and RECOMMENDED, this 11th day of May, 2016.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE