**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **COURTNEY KELLY,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:15-CV-133 (MTT) |
| ) | |
| Warden **GREGORY MCLAUGHLIN,** ) | |
| ) | |
| ) | |
| Respondent. ) | |
| ) | |

## ORDER

United States Magistrate Judge Stephen Hyles recommends granting the Respondent's motion to dismiss the Petitioner's Section 2254 habeas petition as untimely and denying a certificate of appealability. (Doc. 18). The Petitioner has filed an objection to the Recommendation. (Doc. 19). Pursuant to 28 U.S.C. § 636(b)(1), the Court has thoroughly considered the objection and has made a de novo determination of the portions of the Recommendation to which the Petitioner objects. The Court has reviewed the Recommendation, and the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation is **ADOPTED** and made the order of this Court.

Although the Recommendation does not address the issue of equitable tolling, it is clear the Petitioner is not entitled to this extraordinary remedy. The Petitioner has failed to make any allegations or argument regarding how any of the alleged "extraordinary circumstances," including his attorney's negligence and the delay in receiving the trial court's dismissal of his motion to withdraw his guilty plea, affected his

ability to timely file his federal petition.  *See San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011) (requiring a petitioner "to show a causal connection between the alleged extraordinary circumstances and the late filing of the petition").  Moreover, the Petitioner argues that the documents he signed in state court did not inform him of AEDPA's one-year statute of limitations, but the state court did not have a duty to inform him of the limitations period.  *See Outler v. United States*, 485 F.3d 1273, 1282 n.4 (11th Cir. 2007).  Although proceeding *pro se*, the Petitioner is "deemed to know of the one-year statute of limitations," *id.*, and the Eleventh Circuit "ha[s] not accepted a lack of a legal education as an excuse for a failure to file in a timely fashion." *Spears v. Warden*, 605 F. App'x 900, 904 (11th Cir. 2015) (citing *Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005)).  Finally, the Petitioner has not met his burden of showing that he exercised the requisite diligence.  *San Martin*, 633 F.3d at 1267.

Therefore, the Respondent's motion (Doc. 13) is **GRANTED**, the petition is **DISMISSED**, and a certificate of appealability is **DENIED**.  Additionally, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3).  Accordingly, any motion to proceed *in forma pauperis* on appeal is **DENIED**.

**SO ORDERED**, this 21st day of June, 2016.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT
